IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CHARLES J. CORBIN, | ) | CASE NO. 05-81004-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| IMOGEN S. PAPADOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 05-8044 |
| | ) | |
| CHARLES J. CORBIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has considered the "Plaintiff's Motion for Summary Judgment" (Docket No. 9). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Charles J. Corbin ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 8, 2005.

On June 4, 2004, the 247th Judicial District Court of Harris County, Texas entered a divorce decree divorcing Debtor from his former spouse. The decree, an authenticated copy of

which was attached to "Plaintiff's Supplement to Motion for

Summary Judgment" (Docket No. 11), provides in pertinent part:

> The court finds that IMOGEN S. PAPADOPOULOS, as
> Guardian Ad Litem, has performed her duties and
> obligations as required in § 107.002 of the *Texas
> Family Code* in her service to the Court, and in the
> best interest of the child, MICHAEL CHARLES CORBIN.
>
> Therefore, IT IS ORDERED that IMOGEN S. PAPADOPOULOS,
> has, in the best interest of the child, satisfactorily
> performed her duties and obligations as Guardian Ad
> Litem for the child, MICHAEL CHARLES CORBIN, all as set
> out in § 107.002 of the *Texas Family Code.*
>
> The court finds that IMOGEN S. PAPADOPOULOS, as
> Guardian Ad Litem, has incurred the Court-approved sum
> of $35,604.46 in reasonable and necessary Guardian Ad
> Litem fees and expenses during the pendency of this
> case.  The Court further finds that CHARLES J. CORBIN
> has paid the sum of $8,000.00 of these reasonable and
> necessary Guardian Ad Litem fees and expenses.  The
> court finds that NATALIYA V. CORBIN has paid the sum of
> $4,800 of these reasonable and necessary Guardian Ad
> Litem fees and expenses, with the total sum of $12,800
> having been disbursed to your Guardian Ad Litem.  The
> court further finds that $22,804.48 of the
> aforementioned Guardian Ad Litem's fee remains unpaid.
> Therefore,
>
> IT IS FURTHER ORDERED that IMOGEN S. PAPADOPOULOS,
> Guardian Ad Litem, has, for the benefit of the minor
> child, MICHAEL CHARLES CORBIN, incurred the sum of
> $35,604.46 in reasonable and necessary Guardian Ad
> Litem fees and expenses during the pendency of this
> case in her representation of the minor child, and the
> Court has found that the parties, CHARLES J. CORBIN and
> NATALIYA V. CORBIN, have paid the total sum of
> $12,800.00, with the sum of $12,800 having been
> disbursed to your Guardian Ad Litem, on such reasonable
> and necessary Guardian Ad Litem fees and expenses.
> THEREFORE IT IS ORDERED that the unpaid balance
> currently due and owing the Guardian Ad Litem by the
> parties is in the sum of $22,804.48.
>
> IT IS FURTHER ORDERED that CHARLES J. CORBIN is ORDERED
> to pay to the Guardian Ad Litem, IMOGEN S.

> PAPADOPOULOS, for the benefit of the minor child,
> MICHAEL CHARLES CORBIN, the additional sum of
> $14,804.48, together with any interest that may accrue
> as provided for herein, which are reasonable and
> necessary fees for her representation of the minor
> child in this cause.

(Docket No. 11, at Attachment B, p. 13).

In the instant adversary proceeding and the instant motion, Imogen S. Papadopoulos ("Plaintiff"), the guardian ad litem in the divorce proceeding, seeks determination that Debtor's obligation to pay the $14,804.48 remaining fee is excepted from discharge pursuant to Section 523(a)(5) of the Bankruptcy Code.

### Conclusions of Law

The instant case is governed by Dvorak v. Carlson, 986 F.2d 940 (5th Cir. 1993), in which the Fifth Circuit held that fees of a guardian ad litem are nondischargeable under Section 523(a)(5).

Debtor argues that the court in Dvorak made a factual determination.  Even were this court to accept Debtor's interpretation of Dvorak, Debtor's argument is unavailing in the instant adversary proceeding.  The state court made findings that Plaintiff incurred the fees for the benefit of the child, in the best interest of the child, in performing her duties as guardian ad litem.  The state court's findings are given issue preclusive effect.  See Schwager v. Fallas, 121 F.3d 177 (5th Cir, 1997). The court concludes that Debtor's obligation to pay the guardian

3

ad litem's fee is excepted from discharge pursuant to Section 523(a)(5) of the Bankruptcy Code.

In the instant adversary proceeding, in addition to a determination of dischargeability, Plaintiff has sought a money judgment against Debtor.  Debtor's answer denies that portion of the complaint in which Plaintiff pleads that "$14,804.48 remains unpaid along with interest pursuant to the judgment."  Debtor implies that some or all of this amount has been paid.  The remainder of the relief sought in the instant adversary proceeding, other than a determination that the fees are nondischargeable, remains for trial pursuant to Rule 56(d), Fed. R. Civ. P., as made applicable by Bankruptcy Rule 7056.

Based on the foregoing, a separate Judgment will be entered granting the "Plaintiff's Motion for Summary Judgment" (Docket No. 9) in part.

Signed at Houston, Texas on May 18, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE